The Honorable Ronald B. Leighton

FILED ____ LODGED
____ RECEIVED

JUL 18 2005

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY_____ DEPUTY

05-CV-05026-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CORNHUSKER CASUALTY INSURANCE )
COMPANY, )
                            )
                Plaintiff,  )   No. C05-5026 RBL
                            )
        v.                  )   STIPULATED PROTECTIVE ORDER
                            )   REGARDING PLAINTIFF
CHRIS KACHMAN and DEBBIE    )   CORNHUSKER CASUALTY
KACHMAN, husband and wife, ROCKERIES, ) INSURANCE COMPANY'S
INC., a Washington corporation, LESTER ) CONFIDENTIAL COMMERCIAL
MADDEN and JANE DOE MADDEN, )   INFORMATION
husband and wife and the marital community )
comprised thereof, BROOK SAMPLES, )
individually and as Personal Representative of )
the Estate of LEANNE SAMPLES, )
                            )
                Defendants. )
_____)

Plaintiff Cornhusker Casualty Insurance Company ("Cornhusker") and defendants Chris Kachman and Debbie Kachman, Rockeries, Inc., Lester Madden and Jane Doe Madden, Brook Samples, individually and as Personal Representative of the Estate of Leanne Samples ("defendants"), by and through their attorneys of record, hereby agree and stipulate, and based on that stipulation and agreement, THE COURT HEREBY ORDERS AND DECREES AS FOLLOWS:

1. This ORDER governs access to, the use and disclosure of "Confidential Information" as that term is defined in this ORDER.

STIPULATED PROTECTIVE ORDER REGARDING PLAINTIFF CORNHUSKER
CASUALTY INSURANCE COMPANY'S CONFIDENTIAL COMMERCIAL INFORMATION
Case No. C05-5026 RBL; Page 1

N:\CLIENTS\26143\10\PLEADINGS\STIPPROORDER.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

2. The term "Confidential Information" shall mean any materials, documents, computer records or information of any kind that may be produced in this action (via production of documents, depositions or any other methods of discovery) relating to Cornhusker's underwriting pricing, rating, and/or risk assessments, Letter of Authority provided to Cornhusker underwriters, and the Agency Agreement between Cornhusker and Bell-Anderson, whether written or oral.

3. The term "qualified person" shall mean (a) the parties to this litigation; (b) counsel for the parties to this litigation, including attorneys and staff associated with or employed by the legal counsel; (c) lay and expert witnesses who are expected to testify on issues relevant to the "Confidential Information"; (d) the Court (including the Judge presiding over this case and the Court's legal and support staff) or Court Reporter; and (e) any expert or consultant who is retained or consulted by counsel and who agree in writing to be bound by the terms of this Protective Order.

4. "Confidential Information" can not be communicated to, shown to, disclosed to, copied for, summarized for, analyzed for or used by anyone except for "qualified persons" designated in paragraph 3 (a)-(e) and then only for purposes of this litigation and for no other business or personal purpose. Any "Confidential Information" shall be used only for purposes directly related to this action. No "qualified person" shall make use of or disclose any such "Confidential Information" to any other person or entity or use it for any other purpose or litigation.

5. During the pendency of this litigation, defendants and defendants' counsel shall not allow any copies of the "Confidential Information" to be made or distributed without making a complete record of the copy date, the number of copies and the identity of all individuals (names, addresses and phone numbers) to whom the copies were distributed.

6. Except as specifically authorized above, defendants' counsel may not distribute, publicize, or otherwise disseminate "Confidential Information" to anyone for any purpose, specifically including, but not limited to, sharing or in any way disseminating the "Confidential

STIPULATED PROTECTIVE ORDER REGARDING PLAINTIFF CORNHUSKER
CASUALTY INSURANCE COMPANY'S CONFIDENTIAL COMMERCIAL INFORMATION
Case No. C05-5026 RBL; Page 2

N:\CLIENTS\26143\10\PLEADINGS\STIPPROORDER.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Information" to (a) anyone for use in other claims or suits involving Cornhusker or any of their insureds, (b) any attorney's bar or professional organization of any kind, including, but not limited to, any attorney information exchange group, or (c) any person or entity who is a competitor of Cornhusker.

7. Defendants' counsel shall be liable for damages and expenses arising from violations of the Confidentiality Agreement or this Protective Order by its employees, agents, representatives, experts, consultants, or other persons working under the supervision or control of defendants' counsel.

8. Before disclosing or disseminating any "Confidential Information" to any "qualified person," except the parties and counsel for the parties to this litigation, including attorneys and staff associated with or employed by the legal counsel, defendants' counsel shall provide to each "qualified person," a copy of this Protective Order and a Confidentiality Agreement in the form attached hereto as Exhibit A. Every "qualified person," except the parties and counsel for the parties to this litigation, including attorneys and staff associated with or employed by the legal counsel, shall sign a Confidentiality Agreement in the form set out in Exhibit A hereto and shall thereby be bound to indemnify and hold harmless Cornhusker for all harms and expenses arising from such person's violation of the Confidentiality Agreement or this Protective Order. A copy of each signed Confidentiality Agreement shall be provided to counsel for plaintiff Cornhusker upon the disclosure of "Confidential Information" to defendants' experts, consultants and/or other individuals excepting parties or counsel for the parties to this litigation and attorneys and staff associated with or employed by the legal counsel.

9. At the conclusion of the work by any "qualified person", specifically including but not limited to experts or consultants utilized by defendants in this case, all "Confidential Information" and all copies, abstracts, summaries, notes or other records of any kind relating to the content of any "Confidential Information" shall be returned to plaintiff's counsel. At such time of redelivery, an affidavit substantially in the form attached hereto as Exhibit B shall be

STIPULATED PROTECTIVE ORDER REGARDING PLAINTIFF CORNHUSKER
CASUALTY INSURANCE COMPANY'S CONFIDENTIAL COMMERCIAL INFORMATION
Case No. C05-5026 RBL; Page 3

N:\CLIENTS\26143\10\PLEADINGS\STIPPROORDER.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

executed by such "qualified person" that (s)he has complied with the provisions of this Protective Order and the affidavit shall be returned to defendants' counsel and maintained by them. Upon receipt of such affidavit, defendants' counsel shall also provide a copy of the affidavit to counsel for plaintiff Cornhusker.

10. Each page of all documents that qualify as "Confidential Information" shall be photocopied on paper stamped or otherwise designated as "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER, CORNHUSKER CASUALTY INS. CO. v. KACHMAN, et al., United States District Court Western District of Washington CAUSE NO. C05-5026-JKA" which shall be printed diagonally across the page as a watermark. Any document so labeled and the information in it shall be treated in accordance with the provisions of this Protective Order.

11. When "Confidential Information" is embodied in or appended to any motion, memorandum, exhibit, affidavit, declaration or other document filed with the Court, such paper shall be enclosed in a sealed envelope. The sealed envelope shall show the caption of this action and include the following legend:

CONFIDENTIAL INFORMATION

This envelope is sealed pursuant to court order and contains confidential information. This envelope was filed by [name of party] and may not be opened, nor may its contents be displayed or revealed, except by order of the Court or by written stipulation of the parities.

12. Any party asserting during a deposition that information is "Confidential Information" shall seek agreement of the deponent on the record to the terms and conditions of this Protective Order. If the deponent refuses to assent on the record, disclosure of the information as a necessary part of the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and a copy of the deposition transcript or exhibits shall not be given to the deponent.

STIPULATED PROTECTIVE ORDER REGARDING PLAINTIFF CORNHUSKER
CASUALTY INSURANCE COMPANY'S CONFIDENTIAL COMMERCIAL INFORMATION
Case No. C05-5026 RBL; Page 4

N:\CLIENTS\26143\10\PLEADINGS\STIPPROORDER.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

13. If a deposition which is conducted in this action in any way references "Confidential Information," the portion of the deposition involving the "Confidential Information" will be taken with no one present except the "qualified persons" referred to in paragraph 2 above and the court reporter. During the deposition any party or witness may designate portions of the deposition as "Confidential Information." For a period beginning with the first day of each deposition and ending twenty (20) days after the transcript for each such deposition is delivered to the parties' attorneys, the entire deposition transcript shall be treated as "Confidential Information." During that time period, a party or non-party deponent may designate specific portions of the testimony as containing "Confidential Information." The specific designation shall be accomplished by a letter or similar written notification to parties listing the pages, lines and exhibits constituting "Confidential Information." The pages of the transcript that contain "Confidential Information" and the numbers (but not the description) of the deposition exhibits that constitute "Confidential Information" shall be noted on the front of the original deposition transcript. Thereafter, only those portions of the transcript and exhibits designated in the letter or written notification as being "Confidential Information" will be so treated. Those parts of each deposition or exhibit not so designated may be used without any of the restrictions provided in this Protective Order. In any deposition in which testimony is given regarding documents or information designated "Confidential Information," the court reporter shall execute a Declaration in the form attached as Exhibit A hereto.

14. If a party fails to timely identify the confidential nature of any testimony or any document or other thing, the party may designate such information as "Confidential Information" by serving a written notification upon all parties. The parties shall thereafter treat the information in accordance with the provisions of this Protective Order from the time of receipt of such written notification.

15. The Clerk of the United States District Court Western District of Washington is directed to maintain under seal any pleading, motion, brief, memorandum, exhibit, affidavit,

STIPULATED PROTECTIVE ORDER REGARDING PLAINTIFF CORNHUSKER
CASUALTY INSURANCE COMPANY'S CONFIDENTIAL COMMERCIAL INFORMATION
Case No. C05-5026 RBL; Page 5

N:\CLIENTS\26143\10\PLEADINGS\STIPPROORDER.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

declaration, transcript, response to a discovery request, or other paper filed with the court that has been designated, in whole or in part, as containing or revealing "Confidential Information."

16. No later than thirty (30) days following the conclusion of these proceedings, counsel for plaintiff shall return each document and each other thing that contains or reveals "Confidential Information" to plaintiff Cornhusker's counsel, together with any copies, log of any copies made thereof, and all abstracts, notes, summaries and other records of the information. To the extent that the information is embodied in and is inseparable from attorney work product, the recipient party may destroy the document or maintain confidentiality of such material in perpetuity. Any portion of the official record in the court that contains or reveals "Confidential Information" shall be exempt from this provision. "Conclusion of these proceedings" refers to the exhaustion of available appeals, or the running of the statute of time for taking such appeals, as provided by applicable law, or the date of entry of any dismissal order in the event of settlement.

17. The provision of the Protective Order shall survive and remain in full force and in effect until after the "conclusion of these proceedings."

DONE IN OPEN COURT this __18th__ day of __July__, __2005__

_____
JUDGE

STIPULATED PROTECTIVE ORDER REGARDING PLAINTIFF CORNHUSKER
CASUALTY INSURANCE COMPANY'S CONFIDENTIAL COMMERCIAL INFORMATION
Case No. C05-5026 RBL; Page 6

N:\CLIENTS\26143\10\PLEADINGS\StipProOrder.doc

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  Presented by:

2  KELLER ROHRBACK L.L.P.

3

4  By  /s/ Maureen M. Falecki
       ─────────────────────────────
       Maureen M. Falecki, WSBA #18569
5      Irene M. Hecht, WSBA #11063
       Attorneys for Defendant CORNHUSKER
6      CASUALTY INSURANCE COMPANY

7
   Approved as to form;
8  Notice of presentation waived.

9  STITTMATTER KESSLER WHELAN WITHEY COLUCCION

10 By ─────────────────────────────
      Kevin Coluccio, WSBA #16245
11    Attorneys for Brook Samples individually
      and as Personal Representative of the
12    Estate of Leanne Samples

13
   LUCE, LOMBINO & RIGGIO, P.S.
14

15 By Telephonic Approval (6/24/05)
      ─────────────────────────────
      Michael V. Riggio, WSBA #7725
16    Attorneys for Defendants Chris and
      Debbie Kachman and Rockeries, Inc

17

18 DAVIES PEARSON, P.C.

19 By Telephonic Approval (6/24/05)
      ─────────────────────────────
20    Joseph M. Diaz, WSBA #16170
      Attorneys for Defendants
21    Lester and Jane Doe Madden

22

23

24

25

26

STIPULATED PROTECTIVE ORDER REGARDING PLAINTIFF CORNHUSKER
CASUALTY INSURANCE COMPANY'S CONFIDENTIAL COMMERCIAL INFORMATION
Case No. C05-5026 RBL; Page 7

N:\CLIENTS\26143\10\PLEADINGS\STIPPROORDER.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**EXHIBIT A**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CORNHUSKER CASUALTY INSURANCE COMPANY,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHRIS KACHMAN and DEBBIE KACHMAN, husband and wife, ROCKERIES, INC., a Washington corporation, LESTER MADDEN and JANE DOE MADDEN, husband and wife and the marital community comprised thereof, BROOK SAMPLES, individually and as Personal Representative of the Estate of LEANNE SAMPLES,<br><br>　　　　　　　　　　Defendants. | No. C05-5026 RBL<br><br>DECLARATION FOR PROTECTIVE ORDER RE CONFIDENTIAL COMMERCIAL INFORMATION AND CONFIDENTIALITY AGREEMENT |

I, _____, declare and state as follows:

I am a citizen of the United States, over the age of eighteen (18) years, not a party to this action, and competent to testify as to the matters herein set forth. I have received and read a copy of the STIPULATED PROTECTIVE ORDER REGARDING PLAINTIFF CORNHUSKER'S CONFIDENTIAL COMMERCIAL INFORMATION in the above-captioned case. I hereby declare that I will abide by the provisions of that Order and understand that I will be held accountable for damages and expenses arising from any violations therefrom by me.

After the completion of my involvement in this case I will return to the plaintiff's counsel

STIPULATED PROTECTIVE ORDER REGARDING PLAINTIFF CORNHUSKER CASUALTY INSURANCE COMPANY'S CONFIDENTIAL COMMERCIAL INFORMATION
Case No. C05-5026 RBL; Page 8

N:\CLIENTS\26143\10\PLEADINGS\STIPPROORDER.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  all copies, abstracts, summaries, notes or other records of any kind relating to the content of any
2  "Confidential Information" that I may have received or that has been discussed with me. I will
3  not retain anything relating in any way to the "Confidential Information", nor use any such thing
4  or related knowledge arising therefrom for any personal purposes, or for any other business
5  purposes other than for my work on this specific case.
6      I certify under penalty of perjury of the laws of the State of Washington that the
7  foregoing is true and correct.
8      Signed this ____ day of _____, 2005 at _____, Washington.

_____

STIPULATED PROTECTIVE ORDER REGARDING PLAINTIFF CORNHUSKER
CASUALTY INSURANCE COMPANY'S CONFIDENTIAL COMMERCIAL INFORMATION
Case No. C05-5026 RBL; Page 9

N:\CLIENTS\26143\10\PLEADINGS\STIPPROORDER.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  EXHIBIT B

7  UNITED STATES DISTRICT COURT
8  WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CORNHUSKER CASUALTY INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>v.<br><br>CHRIS KACHMAN and DEBBIE KACHMAN, husband and wife, ROCKERIES, INC., a Washington corporation, LESTER MADDEN and JANE DOE MADDEN, husband and wife and the marital community comprised thereof, BROOK SAMPLES, individually and as Personal Representative of the Estate of LEANNE SAMPLES,<br><br>               Defendants. | No. C05-5026-RBL<br><br>DECLARATION FOR PROTECTIVE ORDER RE CONFIDENTIAL COMMERCIAL INFORMATION AND CONFIDENTIALITY AGREEMENT |

I, _____, declare and state as follows:

I am a citizen of the United States, over the age of eighteen (18) years, not a party to this action, and competent to testify as to the matters herein set forth.

I hereby declare pursuant to the STIPULATED PROTECTIVE ORDER REGARDING PLAINTIFF CORNHUSKER'S CONFIDENTIAL COMMERCIAL INFORMATION dated _____, entered in the above-captioned case, that "Confidential Information" and all copies, abstracts, summaries, notes or other records of any kind relating to the content of any "Confidential Information" have been returned to plaintiff's counsel and that I have complied

STIPULATED PROTECTIVE ORDER REGARDING PLAINTIFF CORNHUSKER CASUALTY INSURANCE COMPANY'S CONFIDENTIAL COMMERCIAL INFORMATION
Case No. C05-5026 RBL; Page 10

N:\CLIENTS\26143\10\PLEADINGS\STIPPROORDER.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  with all of the provisions of the STIPULATED PROTECTIVE ORDER REGARDING
2  PLAINTIFF CORNHUSKER'S CONFIDENTIAL COMMERCIAL INFORMATION.
3      I certify under penalty of perjury of the laws of the State of Washington that the
4  foregoing is true and correct.
5      Signed this ____ day of _____, 2005 at _____, Washington.

_____

STIPULATED PROTECTIVE ORDER REGARDING PLAINTIFF CORNHUSKER
CASUALTY INSURANCE COMPANY'S CONFIDENTIAL COMMERCIAL INFORMATION
Case No. C05-5026 RBL; Page 11

N:\CLIENTS\26143\10\PLEADINGS\STIPPROORDER.DOC

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384