| | |
|---|---|
| 1 | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CORNHUSKER CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS KACHMAN and DEBBIE KACHMAN, husband and wife; ROCKERIES, INC., a Washington corporation; LESTER MADDEN and JANE DOE MADDEN, husband and wife and the marial community comprised thereof; BROOK SAMPLES, individually and as Personal Representative of the Estate of LEANNE SAMPLES,<br><br>Defendants. | Case No. C05-5026 RBL<br><br>ORDER GRANTING MOTION TO AMEND |

THIS MATTER comes before the Court on Plaintiff Cornhusker Casualty's Motion to Amend [Dkt. #88]**,** following the Ninth Circuit's Remand of this matter. Plaintiff Cornhusker seeks to Amend its Complaint to include a claim for a Declaratory Judgment holding that its handling of the underlying insurance claim does not constitute bad faith.

The underlying facts are well know to the parties and will not be repeated here. In short, the Ninth Circuit held that the notice of cancellation sent by Cornhusker was not received by Defendant Rockeries, Inc., and that Cornhusker was therefore obligated to provide insurance coverage to Rockeries for the

ORDER
Page - 1

accident that killed Leanne Samples[1]. Following the Remand, and consistent with it, Plaintiff Cornhusker paid its $1,000,000.00 policy limits (plus interest) to Samples. Yet to be resolved are the *Olympic Steamship* attorneys' fee claim, and bad faith claims, which Rockeries assigned to Samples as part of a settlement[2] with her.

At 10:26 a.m on March 2, 2009, Cornhusker filed its Motion to Amend in this case. Its proposed amended complaint seeks a declaration that its handling of Samples's claim against Rockeries does not constitute bad faith under Washington law. A little more than two hours later, Samples filed an action in this Court, Cause No. 09-0273RSL, alleging diversity jurisdiction, and seeking damages for Cornhusker's bad faith handling of the Samples' claim against Rockeries.

Cornhusker argues that it should be permitted to amend its complaint, and to have the issue of its alleged bad faith resolved in this lawsuit. Samples argues that the declaration sought by Plaintiff Cornhusker is not justiciable, and amounts to an advisory opinion from the court. Its opposition to the Motion also relies on the fact that the Samples own bad faith case is pending before Judge Lasnik.

The court need not delve deeply into the justiciability arguments, explore the boundaries of comity, or referee the race to the courthouse. The case filed in Seattle and pending before judge Lasnik is inextricably intertwined with the case remanded here by the Ninth Circuit. This court was charged with "determining damages" in light of the Ninth Circuit's reversal of this court's prior Order of Dismissal. The Seattle case seeks "damages" arising from the exact same set of facts. It is by any measure "related" to this case, and will be transferred to this court in any event. The motion to Amend is GRANTED. The 09-0273 case will be consolidated with this case upon transfer.

IT IS SO ORDERED this 25th day of March, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[1] Defendant Brook Samples is Leanne Samples' husband and the Personal Representative of her Estate.

[2] Rockeries, Inc. settled with and obtained a judgment against Samples for $2.3 million, an amount which was found to be reasonable in Pierce County Superior Court. In exchange for a covenant not to execute on the judgment, Rockeries assigned its rights (including its bad faith claim) against Cornhusker to Samples.