The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CORNHUSKER CASUALTY INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>    v.<br><br>CHRIS KACHMAN and DEBBIE KACHMAN, husband and wife, ROCKERIES INC., a Washington corporation, LESTER MADDEN and JANE DOE MADDEN, husband and wife and the marital community comprised thereof, BROOKS SAMPLES, individually and as Personal Representative of the Estate of Leanne Samples,<br><br>            Defendants. | CIVIL ACTION<br>NO. C05-5026RBL<br>(CONSOLIDATED<br>WITH C09-273RBL)<br><br>PLAINTIFF'S MOTION TO SET AMOUNT OF ATTORNEY FEE AWARD<br><br>NOTE ON MOTION CALENDAR:<br>July10, 2009 |

## I. RELIEF REQUESTED

Plaintiff CORNHUSKER CASUALTY INSURANCE COMPANY ("Cornhusker"), by and through its attorneys of record, asks this Court for an Order setting the amount of *Olympic Steamship*[1] fees to which Defendant Brooks Samples ("Samples") is entitled pursuant to the Order of the United States Court of Appeals for the Ninth District dated January 13, 2009. The parties have attempted to resolve this issue without the necessity of

---

[1] *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991).

PLAINTIFF'S MOTION TO SET AMOUNT
OF ATTORNEY FEE AWARD
C05-5026RBL
Page 1

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511 / F: (206) 622-8986

bringing a motion, but have failed. Now, Cornhusker asks that the Court resolve the issue in order that the coverage phase of this action be fully and finally resolved, leaving only for resolution the issue of Cornhusker's alleged bad faith.

## II.  FACTUAL BACKGROUND

On January 18, 2006, this Court entered an order granting Cornhusker's Motion for Summary Judgment and denying Samples' Motion for Summary Judgment ("Summary Judgment Ruling," Dkt. No. 70).[2] The Court ruled as a matter of law that the Cornhusker Policy was cancelled for non-payment of premium on October 19, 2004, and that therefore the Cornhusker Policy was cancelled before the October 22, 2004 accident and the October 27, 2004 theft of the Kachman truck. On February 3, 2006, Samples filed her Notice of Appeal of the Court's Summary Judgment Ruling to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit").

Following entry of the Court's ruling and during the pendency of the appeal, Samples, the Maddens, and Rockeries entered into a stipulated judgment with a covenant not to execute and an assignment of the Maddens', Kachmans', and Rockeries' rights against Cornhusker.[3] A reasonableness hearing was held on the amount of the stipulated judgment, at which $2.3 million was declared reasonable by the Honorable Linda Lee of the Superior Court of Washington for Pierce County.[4]

In order to resolve Samples' appeal of the Summary Judgment Ruling, the Ninth Circuit certified a question to the Supreme Court of Washington ("Supreme Court"). On December 18, 2008, the Supreme Court sitting *en banc* held that (1) notice of cancellation by

---

[2] *See* Allen Decl. Exhibit 1.
[3] *See* Allen Decl. Exhibit 2.
[4] *See* Allen Decl. Exhibit 3.

PLAINTIFF'S MOTION TO SET AMOUNT
OF ATTORNEY FEE AWARD
C05-5026RBL
Page 2

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511 / F: (206) 622-8986

certified mail does not satisfy the "mailed" requirement of RCW 48.18.290, and (2) for certified mail to meet the statutory notice requirement, the notice must be "actually delivered."[5] Following the Supreme Court's answer to the certified question, the Ninth Circuit entered an Order Amending Opinion and Amended Opinion on January 13, 2009 ("Ninth Circuit Opinion").[6] The Ninth Circuit Opinion reversed this Court's Summary Judgment Ruling and remanded with instructions (1) to grant Samples' cross-motion for summary judgment, and (2) to "determine damages."[7]

In the meantime, after the Supreme Court ruling and prior to the Ninth Circuit Opinion, counsel for Samples sent to former counsel for Cornhusker a letter dated December 22, 2008.[8] The letter demanded payment by December 31, 2008 of the Cornhusker Policy limits ($1 million), costs ($412.30), and prejudgment interest ($259,761.27), as well as *Olympic Steamship* attorney fees the amount of which was to be determined at a later date.[9] Although the letter also outlined a claim of bad faith conduct on the part of Cornhusker, that issue is not pertinent to this motion.

On December 31, 2008, Cornhusker sent to counsel for Samples a check for $1,260,173.57. By return letter dated the same day, counsel for Samples acknowledged that the check "pays in full the $1,000,000.00 policy limits, the interest which has accrued on those policy limits and all costs related to the litigation including the appeal."[10] The letter noted that

---

[5] *See* Allen Decl. Exhibit 4.
[6] *See* Allen Decl. Exhibit 5.
[7] *Id*. at 4, 11.
[8] *See* Allen Decl. Exhibit 6.
[9] *Id*. at 7.
[10] *See* Allen Decl. Exhibit 7.

PLAINTIFF'S MOTION TO SET AMOUNT
OF ATTORNEY FEE AWARD
C05-5026RBL
Page 3

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511 / F: (206) 622-8986

the monies do not resolve "our outstanding request for attorneys' fees nor the bad faith claim which we have outlined in our previous letter to you."[11]

On February 13, 2009, Kevin Coluccio, counsel for Samples, sent a letter to coverage counsel for Cornhusker, Irene Hecht of the Seattle office of Keller Rohrback LLP.[12] The letter outlined Samples' claim for *Olympic Steamship* attorney fees in the amount of $661,640.[13] This amount was based on Mr. Coluccio's claim for a lodestar fee amount of $330,820 and a multiplier adjustment of 2.0. The lodestar fee amount was based on 208.9 hours at a rate of $500 per hour for Paul Stritmatter, 209.7 hours at a rate of $450 per hour for Kevin Coluccio, 304.3 hours at a rate of $400 per hour for Ray Kahler, and 24.2 hours at a rate of $425 per hour for Brad Moore.[14] Attached to the letter as an exhibit were billing records offered in support of Mr. Coluccio's calculations.[15]

On April 7, 2009, William Leedom, the undersigned counsel for Cornhusker, sent a letter to Kevin Coluccio in response to Mr. Coluccio's February 13, 2009 letter to Ms. Hecht.[16] The letter rejected Mr. Coluccio's demand for $661,640 in *Olympic Steamship* attorney fees for the coverage portion of this litigation.[17] Citing the applicable Washington authorities, the letter explained that Samples is only entitled to seek compensation for those attorney fees made necessary in order to establish coverage.[18] The letter attached a copy of the billing records provided by Mr. Coluccio to Ms. Hecht, highlighting those entries that Cornhusker believes were inappropriately included in Mr. Coluccio's lodestar calculation because they were

---

[11] *Id.*
[12] *See* Allen Decl. Exhibit 8.
[13] *Id.* at 3.
[14] *Id.*
[15] *Id.* at Exhibit 1.
[16] *See* Allen Decl. Exhibit 9.
[17] *Id.* at 3.
[18] *Id.* at 2-3.

PLAINTIFF'S MOTION TO SET AMOUNT
OF ATTORNEY FEE AWARD
C05-5026RBL
Page 4

unrelated to the issue of coverage.[19]  The letter also cited the Washington authorities on the issue of a multiplier to the lodestar figure.[20]  The letter explained Cornhusker's position that the undocumented, abnormally high hourly rates cited by Mr. Coluccio already incorporated an unspecified multiplier of purported standard attorney rates for purposes of contingency work, and that a compounding multiplier was therefore inappropriate.[21]  The letter also included a good faith offer to pay $240,875 in *Olympic Steamship* attorney fees for full and final resolution of the coverage phase of this litigation.  That amounts represents Mr. Coluccio's lodestar calculation of $330,820 as revised downward for the billing unrelated to coverage, paid at the hourly rates identified by Mr. Coluccio without a multiplier.[22]

In subsequent correspondence, counsel for Samples rejected Cornhusker's offer.  The parties have been unable to resolve their differences over the amount of *Olympic Steamship* fees to which Samples is entitled.  This motion follows.

### III.  ISSUE PRESENTED

Should the Court set the amount of Olympic Steamship fees recoverable by Samples in this matter at $201,297.50, where (1) the number of lodestar hours claimed by Samples is based in part on billing for work unrelated to coverage, (2) the Stritmatter Kessler firm's unusually high billing rates either do not represent reasonable market rates for comparable work or already represent a multiplier on standard market rates and thus account for the contingent nature of the case?

---

[19] *Id.* at Exhibit 1.
[20] *Id.* at 2.
[21] *Id.* at 3.
[22] The letter explained that Cornhusker believed the rates identified by Mr. Coluccio already represent a multiplier of standard market rates.

PLAINTIFF'S MOTION TO SET AMOUNT
OF ATTORNEY FEE AWARD
C05-5026RBL
Page 5

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511 / F: (206) 622-8986

## IV.  EVIDENCE RELIED UPON

Cornhusker relies upon the accompanying Declaration of Timothy E. Allen and the exhibits attached thereto as well as the records and files herein.

## V.  ARGUMENT

Washington courts use the "lodestar method" to determine whether an *Olympic Steamship* fee request is reasonable.[23]  In *McGreevy v. Or. Mut. Ins. Co.*, 90 Wn. App. 283, 291, 951 P.2d 798 (1998), the Washington Court of appeals explained that "[t]he lodestar award is arrived at by multiplying a reasonable hourly rate by the number of hours reasonably expended on the matter."[24]  Citing *McGreevy*, Judge Pechman described the process of calculating the lodestar in *Weyerhaeuser Co. v. Fireman's Fund Ins. Co.*, 2008 WL 2035610 (W.D. Wash. 2008):

> The first step is to look at the number of hours expended. The second step is to determine if the hourly fee charged was reasonable--the third step is to multiply the two to reach the lodestar fee. Finally, [a]fter calculating a lodestar fee, the court should consider whether it needs adjustment either upward or downward to reflect factors not already taken into consideration.[25]

The rule of *Olympic Steamship* applies where the insurer forces the insured to litigate questions of coverage, and does not apply where the controversy is merely over the amount of, or the denial of, a claim.[26]  The lodestar award for *Olympic Steamship* attorney fees should be limited to work expended to resolving the coverage question, excluding hours spent on

---

[23] *McGreevy v. Or. Mut. Ins. Co.*, 90 Wn. App. 283, 291, 951 P.2d 798 (1998), *overruled on other grounds, Panorama Village Condominium Owners Ass'n Bd. of Directors v. Allstate Ins. Co.*, 144 Wn.2d 130 (2001).
[24] *McGreevy*, 90 Wn. App at 291 (quoting *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 149, 859 P.2d 1210 (1993)).
[25] *Weyerhaeuser Co. v. Fireman's Fund Ins. Co.*, 2008 WL 2035610, *7 (W.D. Wash. 2008).
[26] *See, e.g., Colorado Structures, Inc. v. Insurance Co. of the West*, 161 Wn.2d 577, 606-607, 167 P.3d 1125 (2007) ("*Olympic Steamship* applies when an insurer or similar obligor contests the meaning of a contract, but not when it contests other questions as, for example, its liability in tort or the amount of damages it should pay"); *Dayton v. Farmers Ins. Group*, 124 Wn.2d 277, 280-81, 876 P.2d 896 (1994); *McGreevy*, 128 Wn.2d at 32, n. 4; *Kroeger v. First Nat. Ins. Co. of America*, 80 Wn. App. 207, 209, 908 P.2d 371(1995).

PLAINTIFF'S MOTION TO SET AMOUNT
OF ATTORNEY FEE AWARD
C05-5026RBL
Page 6

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511 / F: (206) 622-8986

unsuccessful claims, duplicated effort, or otherwise unproductive time.[27]  For example, "the trial court must segregate between the hours spent on the coverage issues as compared to the damage issues."[28]

In calculating *Olympic Steamship* fees, in certain circumstances Washington courts allow for an upward adjustment for contingency fee cases.[29]  However, a court should not make an upward adjustment where the lodestar amount already reflects "a higher hourly rate based on the contingent nature of the case."[30]

Here, the *Olympic Steamship* attorney fee amount requested by the Stritmatter Kessler firm is inflated in two respects:  (1) the base lodestar amount of $330,820 is inflated because it is based in part on billing for work unrelated to coverage, and (2) the hourly billing rates asserted by the Stritmatter Kessler firm either do not represent reasonable market rates for comparable work or already represent a multiplier on standard market rates.  In order to calculate a proper *Olympic Steamship* lodestar award, the Court should adjust downward the number of hours identified by the Stritmatter Kessler attorneys, and multiply the adjusted total hours by a reasonable market hourly rate for comparable work.  Moreover, the Court should not apply a multiplier to the lodestar amount.

---

[27] *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597, 675 P.2d 193 (1983).
[28] *McGreevy*, 90 Wn. App. at 292.
[29] *See, e.g., McGreevy*, 90 Wn. App. at 294; *Olivine Corp. v. United Capitol Ins. Co.*, 105 Wn. App. 194, 203, 19 P.3d 1089 (2001), *reversed in part on other grounds*, 147 Wn.2d 148 (2002) (upholding trial court's *Olympic Steamship* fee award based on upward adjustment to lodestar for contingent nature of case); *Dixon v. Safeco Ins. Co. of America*, 2002 WL 31002848, *5 (Wn. App. Div. 2 2002) (making contingency fee adjustment to *Olympic Steamship* award of 1.25 times the lodestar amount but less than the amount requested by prevailing attorney).
[30] *McGreevy*, 90 Wn. App. at 294 (citing *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 150, 859 P.2d 1210 (1993)).

PLAINTIFF'S MOTION TO SET AMOUNT
OF ATTORNEY FEE AWARD
C05-5026RBL
Page 7

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511 / F: (206) 622-8986

A. **The Calculation of Lodestar Hours Should Be Adjusted Downward.**

The billing records attached to the fee request letter include billing for entries that are inappropriate for calculating an *Olympic Steamship* lodestar amount, *e.g.* work devoted to the calculation of damages, litigation of the underlying case including work devoted to settlement, and work devoted to the reasonableness hearing held on the settlement or preparation of the bad faith claim. These entries are highlighted on the copy of the billing records attached as Exhibit 1 to Allen Decl. Exhibit 9, and are summarized as follows:

| Attorney | Description | Hours Inappropriately Claimed |
|---|---|---|
| PLS | all entries between 12/28/06 and 7/6/07 (inclusive), and the entry for 3/11/08 | 74.1 |
| KC | all entries between 5/16/05 and 6/15/05 (inclusive), 1/3/07 and 7/3/07 (inclusive), and the entry for 1/23/09 | 85.9 |
| RWK | all entries between 2/5/07 and 5/17/07 (inclusive) except for the 2/26/07 entry | 35.6 |

Based on the number of hours asserted by Mr. Coluccio, these adjustments result in a total number of hours worked on the coverage portion of the case as follows:

| Attorney | Total Hours | Adjustment Per Above |
|---|---|---|
| PLS | 134.8 | 208.9-74.1 |
| KC | 123.8 | 209.7-85.9 |
| RWK | 268.7 | 304.3-35.6 |
| BM | 24.2 | None |
| Total | **551.5** | |

PLAINTIFF'S MOTION TO SET AMOUNT
OF ATTORNEY FEE AWARD
C05-5026RBL
Page 8

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511 / F: (206) 622-8986

The downward adjustment in the base lodestar hours is required under Washington law. Samples' attorneys are not entitled to recover *Olympic Steamship* fees for efforts put toward the reasonableness hearing following Samples' settlement with Rockeries, Inc, the Kachmans, and the Maddens. The ruling of the Ninth Circuit following the Supreme Court of Washington's answer to the Certified Question reversed this Court's summary judgment ruling and established coverage under the Cornhusker policy. Put simply, that outcome would have been the same had the defendants never settled with Samples. As such, the settlement, and subsequent reasonableness hearing, had nothing to do with Samples, through assignment, obtaining the benefit of coverage under the Cornhusker policy, and Samples is therefore not entitled to *Olympic Steamship* fees for those efforts.[31]

**B.  The Hourly Rate Calculation Should be Based on Reasonable Market Rates and Should Not be Subject to a Multiplier.**

The lodestar amount should be calculated on "reasonable" market rates and should not be subject to an upward adjustment by means of a multiplier. Under *Weyerhauser*, the lodestar calculation must account for the "reasonableness" of the hourly fee.[32] Under *Travis v. Washington Horse Breeders Ass'n, Inc.*, 111 Wn.2d 396, 759 P.2d 418, 426 (1988), a multiplier is inappropriate where there is not an inordinate risk of failing to recover. Finally, under *McGreevy*, an upward adjustment is not permitted where the lodestar amount already reflects "a higher hourly rate based on the contingent nature of the case."[33]

First, the rates asserted by Mr. Coluccio are not a "reasonable" representation of standard market rates for similar legal services. Because the Stritmatter Kessler firm does

---

[31] *See, e.g., Colorado Structures*, 161 Wn.2d at 606-607.
[32] *Weyerhaeuser*, 2008 WL 2035610 at *7.
[33] *McGreevy*, 90 Wn. App. at 294.

PLAINTIFF'S MOTION TO SET AMOUNT
OF ATTORNEY FEE AWARD
C05-5026RBL
Page 9

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511 / F: (206) 622-8986

primarily contingency plaintiff's work and does not have standard rates, extrinsic evidence of such rates is required. The rates of the primary Keller Rohrback attorneys representing Cornhusker during the coverage phase of this action were as follows: Irene Hecht $185/hour, Laurence Weatherly $185/hour, Maureen Falecki $165/hour, Paul Rosner $145/hour, and Jason Chukas $135/hour.[34] Moreover, the rates being charged by the Bennett Bigelow & Leedom attorneys currently representing Cornhusker in this matter are as follows: William Leedom $365/hour, and Tim Allen $235/hour.[35] These rates confirm that the rates asserted by Samples' attorneys, $500/hour, $450/hour, and $400/hour, are not "reasonable" representations of standard market rates for similar legal work.

Here, Cornhusker requests that the Court award Samples a lodestar amount based on the hourly rate charged by Cornhusker's current lead counsel in this matter, William Leedom, which is $365/hour. If that rate were used for all four of Samples' counsel, the lodestar amount would be **$201,297.50** (551.5 hours at $365/hour).

Second, the Court should not award a multiplier on this amount. Although the case was taken on a contingent basis, Samples' attorneys are on record to state that there was not much risk attending the coverage action, including the appeal.[36] In *Travis*, the Washington Supreme Court upheld the Court of Appeals' ruling that a multiplier on a base lodestar fee was inappropriate where the chances of recovery were not remote.[37]

---

[34] *See* summary of hourly rates highlighted on Keller Rohrback invoices attached as Allen Decl. Exhibit 10.
[35] *See* Allen Decl. at ¶ 2.
[36] *See* the allegations in Samples' Counterclaim, Dkt. No. 93, at paragraphs 6.76 ("Cornhusker knew or should have known of the substantial likelihood that the Washington State Supreme Court would reverse the declaratory judgment entered by the trial court in Cornhusker's favor").
[37] *Travis*, 111 Wn.2d at 412. The *Travis* court found the fact that the plaintiff would have to pay attorney fees to a second retained attorney regardless of the outcome was evidence that the plaintiff did not consider his chances of prevailing as "remote." *Id.* Here, Samples and his attorneys are on record as saying the chances of establishing coverage were "substantial." Moreover, in order to make his bad faith claim against Cornhusker, Samples will have to establish that it was unreasonable for Cornhusker to rely on this Court's determination that there was no coverage.

PLAINTIFF'S MOTION TO SET AMOUNT
OF ATTORNEY FEE AWARD
C05-5026RBL
Page 10

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511 / F: (206) 622-8986

Here, as in *Travis*, the risk of failing to recover was not excessive or remote, according to Samples' own attorneys.[38] As such, a multiplier is inappropriate.

In the alternative, and should the Court be inclined to award some sort of upward adjustment, which it should not, Cornhusker requests that the Court base its award on the hourly rates identified by Mr. Coluccio. As established *supra*, these rates already incorporate an upward adjustment in the form of some multiplier of standard rates for purposes of contingency work. Because the inflated hourly rates already account for the contingency nature of Samples' case and any risk of Samples' failing to prevail on the issue of coverage, they are not subject to a multiplier under Washington law.[39] Should the Court base its award on the rates identified by Mr. Coluccio, the award would total $240,875.[40]

## VI.  CONCLUSION

For the foregoing reasons, Cornhusker requests that the Court grant its Motion to Set Amount of Attorney Fee Award and enter an award of *Olympic Steamship* fees in the amount of **$201,297.50.** A Proposed Order accompanies the Court's working copy of this motion.

DATED this 19th day of June, 2009.

                                   BENNETT BIGELOW & LEEDOM, P.S.

                                   By /s/ Timothy E. Allen
                                       William J. Leedom, WSBA #2321
                                       Tim E. Allen, WSBA #35337
                                       Attorneys for Plaintiff Cornhusker

---

[38] Cornhusker maintains that the Court's Order on Summary Judgment entered January 18, 2006 was a proper interpretation of the applicable law and it was reasonable for Cornhusker to rely on the Court's order. The argument here is that Samples' own attorneys believed there was little risk of failing to establish coverage, and thus should not be heard now to argue there was such risk in order to obtain a multiplier on the lodestar amount.

[39] *McGreevy*, 90 Wn. App. at 294 (citing *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 150, 859 P.2d 1210 (1993)); *see also Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 599, 675 P.2d 193 (1983) ("to the extent, if any, that the hourly rate underlying the lodestar fee comprehends an allowance for the contingent nature of the availability of fees, no further adjustment duplicating that allowance should be made").

[40] This total is based on PLS $67,400 (134.8 hours at $500/hour), KC $55,710 (123.8 hours at $450/hour), RWK $107,480 (268.7 hours at $400/hour), and BM $10,285 (24.2 hours at $425/hour).

PLAINTIFF'S MOTION TO SET AMOUNT
OF ATTORNEY FEE AWARD
C05-5026RBL
Page 11

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511 / F: (206) 622-8986

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2009, I electronically filed the foregoing (1) Plaintiff's Motion to Set Amount of Attorney Fee Award, (2) Declaration of Timothy E. Allen in Support of Plaintiff's Motion to Set Amount of Attorney Fee Award, (3) [Proposed] Order Granting Plaintiff's Motion to Set Amount of Attorney Fee Award, and (4) this Certificate of Service with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Michael V. Riggio, Attorney for Defendants Kachman and Rockeries; Paul L Stritmatter and Kevin Coluccio, Attorneys for Defendant Samples; and Joseph Diaz, Attorney for Defendants Madden.

                                          BENNETT BIGELOW & LEEDOM, P.S.

                                          By /s/ Timothy E. Allen
                                               Timothy E. Allen, WSBA #35337
                                               Attorneys for Plaintiff Cornhusker

w:\wdclient\2410\00001\word\m9543537.doc

PLAINTIFF'S MOTION TO SET AMOUNT
OF ATTORNEY FEE AWARD
C05-5026RBL
Page 12

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511 / F: (206) 622-8986